UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION | CIVIL ACTION NO: 07-cv-6479 (RJH) |
| BETWEEN | |
| SUPREME OIL COMPANY, INC. | |
| Petitioner, | |
| and | RESPONSE TO APPLICATION TO VACATE ARBITRATION AWARD |
| UFCW LOCAL 174 COMMERCIAL HEALTH CARE FUND AND COMMERCIAL PENSION FUND, | |
| Respondent. | |

Respondents, UFCW Local 174 Commercial Health Care Fund and Commercial Pension Fund (the "Funds" and/or the "Respondents"), by their attorneys, Calcagno & Associates Attorneys at Law, LLC, hereby respond to Petitioner's Application to Vacate the Arbitration Award as follows:

1. Respondents admit the allegations contained in paragraph 1 of the Petition.

2. Respondents admit that they have a principal place of business as 540 West 48th Street, New York, New York; however, Respondents deny that they are unincoporated associations. Respondents, UFCW Local 174 Commercial Health Care Fund and UFCW Local 174 Commercial Pension Fund, are employee welfare and pension benefit plans within the meaning of ERISA.

3. Respondents deny the allegations contained in paragraph 3 of the Petition. Although, this Court has jurisdiction over this matter under 29 U.S.C. 1132 and 1145, et seq., as well as 9 U.S.C. 9, et seq., this Court does not have the authority under well established case law,

to interpret a Collective Bargaining Agreement when an Arbitrator has already done so and rendered an Arbitration Award.

4. Respondents deny the allegations contained in paragraph 4 of the Petition. The CBA attached to Petitioner's Petition as Exhibit 1 was never executed, authenticated, or entered into evidence at the Arbitration Hearings.

5. Respondents deny the allegations contained in paragraph 5 of the Petition. The parties entered into a Final Offer which amended and extended the terms of a Memorandum Agreement dated December 2000, for a period of three years from October 1, 2003 through September 30, 2006.

6. Respondents deny the allegations in paragraph 6 of the Petition as to which CBA the Petitioner references; however Respondents agree that the relevant CBA contains a provision requiring the parties to submit to arbitration any controversy arising out of it, and, in fact, was stipulated to at the Arbitration Hearing.

7. Respondents deny the allegations in paragraph 6 of the Petition as to which CBA the Petitioner references; however Respondents agree that the Funds then submitted the controversy to arbitration and following the procedures provided by the relevant CBA, and William F. Clarke was selected as the Arbitrator to determine the issues in controversy.

8. Respondents deny the allegations contained in paragraph 8 of the Petition. The Arbitration Award speaks for itself.

9. Respondents deny the allegations contained in paragraph 9 of the Petition. See memorandum of Law in Opposition to Petitioner's Petition to Vacate, which is incorporated herein by reference and made a part hereof.

WHEREFORE, Respondents request that an Order be entered against the Petitioner as follows:

a. Petitioner's Petition to vacate the Arbitration Award be denied in its entirety;

b. Respondents be afforded reasonable attorney's fees, costs and disbursements pursuant to 29 U.S.C. 1451(e) for defending the within action; and

c. For other such and further relief as this Honorable Court may deem necessary.

Dated: Staten Island, New York
August 21, 2007

_____
ANDREW JOHN CALCAGNO (AC3085)
CALCAGNO & ASSOCIATES
ATTORNEYS AT LAW, LLC
Attorneys for Respondents

*Main Office*
213 South Avenue East
Cranford, New Jersey 07016
(908) 272-7300

*Satellite Office*
404 Manor Road
Staten Island, New York 10314
(718) 815-0200