UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE ARBITRATION | Case No. 07-cv-6479 (RJH)(JCF) |
| BETWEEN | ECF CASE |
| SUPREME OIL COMPANY, INC. | |
| Petitioner, | |
| and | |
| UFCW LOCAL 174 COMMERCIAL HEALTH CARE FUND AND COMMERCIAL PENSION FUND, | |
| Respondents. | |
| RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 174 COMMERCIAL HEALTH CARE FUND and RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 174 COMMERCIAL PENSION FUND, | Case No. 07-cv-6537 (RJH)(JCF) ECF CASE |
| Petitioners, | |
| -against- | |
| SUPREME OIL COMPANY, INCORPORATED a/k/a SUPREME OIL COMPANY, INC., | |
| Respondent. | |

**AFFIRMATION OF ANDREW JOHN CALCAGNO, ESQ. IN OPPOSITION TO SUPREME OIL'S MOTION TO VACATE ARBITRATION AWARD AND IN SUPPORT OF THE FUNDS' CROSS-MOTION TO CONFIRM THE ARBITRATION AWARD**

ANDREW JOHN CALCAGNO, ESQ., being duly sworn according to law, under penalties of perjury, hereby affirms:

1. I am an attorney duly admitted to practice law in the United States District Court for the Southern District of New York.

2. I am special litigation counsel for United Food & Commercial Workers, AFL-CIO Local 174 Commercial Health Care Fund and the Local 174 Commercial Pension Fund, RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 174 COMMERCIAL HEALTH CARE FUND and RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 174 COMMERCIAL PENSION FUND (collectively hereinafter referred to as the "Funds"), and as such, am fully familiar with the facts and circumstances in this matter.

3. I make this Affirmation in opposition to Supreme Oil Company, Inc. and Supreme Oil Company, Incorporated a/k/a Supreme Oil Company, Inc.'s (collectively hereinafter referred to as "Supreme Oil") Motion to Vacate the Arbitration Award; and in support of the Funds' Cross-Motion to confirm the Arbitration Award, to grant the Arbitrator's fees, and to grant additional attorneys' fees in connection with confirming the Arbitration Award and defending the action commenced by Supreme Oil.

4. On four (4) separate arbitration dates, October 26, 2006; March 21, 2007; April 26, 2007 and May 16, 2007, the parties in the within action appeared before Arbitrator Clarke. Larry Cole, Esq. ("Mr. Cole") represented Supreme Oil and I represented the Funds.

5. At no time during any of the first three (3) arbitration hearings did Mr. Cole ever advise Arbitrator Clarke or me that he intended to testify as a witness on behalf of Supreme Oil.

6. On the last scheduled hearing date of May 16, 2007, the proceedings began at 10:00 a.m. with the Funds' case in chief. I called two (2) witnesses and introduced numerous documents into evidence.

7. At no time from 10:00 a.m. until 2:00 p.m. did Mr. Cole ever mention that he intended to call himself as a witness. Rather, he and his associate, Kenneth E. Bellani, Esq. ("Mr.

Bellani"), sat across the table and Mr. Cole cross-examined the Funds' witnesses. At no time during the proceeding on May 16, 2007 between 10:00 a.m. and 2:00 p.m. did Mr. Bellani speak, nor was Mr. Bellani present at the October 2006, March 2007, or April 2007 arbitration dates. Mr. Bellani never stated that he would be participating in the proceedings and all person(s) present saw him as an observer who simply attended the arbitration as an associate of Mr. Cole's firm.

8. I subpoenaed two (2) witnesses, namely, Thomas Cunningham ("Mr. Cunningham"), Business Agent for UFCW Local 1245 (the "Union"); and Maria Vegas ("Ms. Vegas"), the Funds' Collection Manager. I called Mr. Cunningham as a witness because he was part of the negotiating team on behalf of the Union during the relevant contract negotiations. Mr. Cunningham also testified that John Troccoli, Secretary/Treasurer of the Union; Vincent DeVito, the President of the Union; and Michael Lefler, one of the Principals of Supreme Oil, were all present during the relevant labor contract negotiations. Additionally, I called Mr. Jim Smith, the Controller and Vice President of Supreme Oil, as an adverse witness in the Funds' case in chief.

9. At no time during Supreme Oil's case in chief did it subpoena and/or call any of the aforementioned witnesses to testify at any of the arbitration hearings. Rather, Mr. Cole, after the arbitration was coming to a close, announced for the first time, without prior notice to me or Arbitrator Clarke, that he intended to call himself as a witness as to what transpired during labor negotiations. I raised several objections based upon, among other things, unfair surprise, prejudice, and as the attorney for Supreme Oil, Mr. Cole's testimony would be nothing more than self-serving statements without corroboration or

support. In effect, allowing Mr. Cole's testimony would deny my effective right to cross-examination.

10. It is well-established under New York Law that an attorney who wishes to call himself as a witness must recuse himself from the case. Mr. Cole had every opportunity during the seven (7) month period from October 2006 through May 2007 to call several witnesses, including his client, Michael Lefler; the president of the Union, Vincent DeVito; and the secretary/treasurer of the Union, John Troccoli to establish what occurred during labor negotiations. Moreover, Mr. Cole had the opportunity and, in fact, exercised his opportunity at the April 2007 and May 2007 hearings to cross-examine Mr. Cunningham.

11. It is interesting to note that Mr. Cole, in fact, other than proposing to call himself, failed to call any witnesses to support his case, even though Mr. Michael Lefler, a principal of Supreme Oil, was present during the relevant labor contract negotiations. Additionally, Mr. Jim Smith, the Controller and Vice President of Supreme Oil, was present during all of the arbitration proceedings from October 2006 through May 2007 and Mr. Cole failed to call him as a witness in the defense of the matter.

12. After hearing testimony and reviewing documentation and evidence submitted by both parties over the course of the four (4) Hearings, Arbitrator Clarke issued an Arbitration Award on June 13, 2007. See Arbitration Award, a copy of which is attached to the Funds' Brief as Exhibit A, and made a part hereof by reference.

13. Despite being served with the Arbitration Award, Supreme Oil has refused to pay any amounts owed in the Arbitration Award.

14. As a result, I was forced to file an action to confirm the Arbitration Award.

15. On July 18, 2007, the Funds sent their Petition to Confirm the Arbitration Award (the "Petition") to the United States District Court, Southern District of New York for filing.

16. The Petition was marked filed by the Clerk on July 19, 2007, was designated civil action number 07-CIV-6537, and assigned to the Honorable Sidney H. Stein, U.S.D.J.

17. At the time of the filing, the Funds were unaware that Supreme Oil was simultaneously filing an action to vacate the Arbitration Award.

18. As stated on page 19 of the Arbitration Award, Arbitrator Clarke found that Supreme Oil owes the Funds $294,665.00 in unpaid contributions. In addition, Arbitrator Clarke awarded liquidated damages at the rate of 20% and interest at the statutory rate of interest of 9%, pursuant to § 502(g)(2) of ERISA.  As set forth in the Funds' Petition to Confirm the Arbitration Award and stated in the Statement of Damages, liquidated damages shall be awarded in the amount of $58,933.00, interest in the amount of $26,519.85, and attorneys' fees up to June 7, 2007 in the amount of $19,425.00.  The total amount owed in connection with the Arbitration Award, not including the Arbitrator's fees and attorneys' fees to confirm and defend the Arbitration Award, is $399,542.85.  See the Funds' Petition to Confirm the Arbitration Award at p. 4.  A copy of the Petition (without exhibits) is attached hereto as **Exhibit A**, and made a part hereof.

19. As a result of Supreme Oil's blatant failure to pay the amounts due to the Funds, I have been forced to expend numerous hours in connection with confirming the Arbitration Award and defending the action filed by Supreme Oil to vacate the Arbitration Award. See Legal Invoice reflecting litigation fees and costs as of February 11, 2008, a copy of which is attached to the Funds' Brief as Exhibit F, and made a part hereof by reference.

20. The legal fees set forth in the attached Legal Invoice were necessary to protect the interests of the Funds and said fees are reasonable in light of all of the legal work performed to date.

21. In addition, Arbitrator Clarke, on page 19 of his Award, found the attorneys' fees as reflected in the Legal Invoice dated June 7, 2007 to be reasonable.

22. Based upon the foregoing, and the Brief submitted herewith, Supreme Oil's Application to vacate the Arbitration Award should be dismissed with prejudice in its entirety and the Funds' Cross-Motion should be granted in its entirety, confirming the Arbitration Award, granting attorneys' fees in the amount set forth in the Legal Invoice and Statement of Amount Due in connection with confirming the Arbitration Award and defending the action commenced by Supreme Oil plus costs, and granting the Arbitrator's fees in the amount of $4,000.00, which is reasonable in light of four (4) Hearings and writing a twenty (20) page Arbitration Award.

Dated: Staten Island, New York
February 11, 2008

/s Andrew John Calcagno
ANDREW JOHN CALCAGNO
CALCAGNO & ASSOCIATES
ATTORNEYS AT LAW, LLC
Attorneys for the Funds

*Main Office*
213 South Avenue East
Cranford, New Jersey 07016
(908) 272-7300

*Satellite Office*
404 Manor Road
Staten Island, New York 10314
(718) 815-0200