**ANDREW JOHN CALCAGNO** (AC 3085)
Attorney At Law
404 Manor Road
Staten Island, New York 10314
(718) 815-0200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
RICHARD ABONDOLO, as Chairman of the Board of : Case No.07-cv-6537 (SHS)(JCF)
Trustees of UFCW LOCAL 174 COMMERCIAL : ECF CASE
HEALTH CARE FUND and RICHARD ABONDOLO, as :
Chairman of the Board of Trustees of UFCW LOCAL 174 :
COMMERCIAL PENSION FUND, :
 :
    Petitioner, : **PETITION TO CONFIRM**
 : **ARBITRATION AWARD**
    -against- :
 :
SUPREME OIL COMPANY, INCORPORATED a/k/a :
SUPREME OIL COMPANY, INC., :
 :
    Respondent. :
---------------------------------------------------------------X

The Petitioners, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Commercial Health Care Fund and Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Commercial Pension Fund, by and through their attorney, Andrew John Calcagno, as and for their Petition, respectfully allege as follows:

**NATURE OF ACTION**

1. This is an action to confirm one (1) labor arbitration award issued by William F. Clarke dated June 13, 2007.

2. Jurisdiction of this Court is invoked pursuant to the Employee Retirement Income Security Action of 1974, 29 U.S.C. 1132(a) ("ERISA"), ERISA section 502, Section 301(a) of the

Labor-Management Relations Act of 1974 29 U.S.C. 185(a) the "Act", and Section 9 of the United States Arbitration Act, 9 U.S.C. Section 9.

3. Venue is properly laid in this Judicial District pursuant to 29 U.S.C. 185(a) and 1132 and 9 U.S.C. Section 9.

**PARTIES**

4. Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Commercial Health Care Fund (the "Health Care Fund"), is a fiduciary empowered to bring this action on behalf of the Health Care Fund within the meaning of ERISA section 502. The Health Care Fund is an employee welfare benefit plan within the meaning of ERISA Section 2.  The Health Care Fund was established and is maintained by the Union and various Employers for the purpose of providing health care coverage and other benefits to members of the Union working for various employers, including the Respondent herein.  The Health Care Fund maintains a place of business at 540 West 48th Street, New York, New York 10036.

5. Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 174 Commercial Pension Fund (the "Pension Fund"), is a fiduciary empowered to bring this action on behalf of the Pension Fund within the meaning of ERISA section 502. The Pension Fund is an employee welfare benefit plan within the meaning of ERISA Section 2.  The Pension Fund was established and is maintained by the Union and various employers for the purpose of providing retirement income and benefits to members of the Union working for various employers, including the Respondent herein.  The Pension Fund maintains a place of business at 540 West 48th Street, New York, New York 10036.

6. The Health Care Fund and the Pension Fund are collectively hereinafter known as "the Funds" and/or the "Petitioners."

7. Respondent, Supreme Oil Company, Incorporated a/k/a Supreme Oil Company, Inc. ("Supreme" and/or the "Employer" and/or the "Respondent"), is an employer within the meaning of ERISA and is bound by a collective bargaining agreement (the "Agreement") entered into between the Petitioner and the Respondent.  The Respondent is a Delaware corporation, licensed to do business in the State of New York with a principal place of business at 80 S. Dean Street, Englewood, New Jersey 07631.

8. The Union and the Employer are parties to the Agreement, which sets forth the wages, hours and conditions of employment for members of the Union working for the Employer.

9. Pursuant to the provisions of the Agreement, the Employer is obligated to make certain monthly contributions to the Funds to provide health care benefits and retirement income and benefits to its employees.

10. Pursuant to the provisions of the Agreement, the Employer agreed to be bound by the Declarations of Affiliated and other documents of the Funds, and authorized the Funds to maintain an action on its own behalf to collect contributions due and owing to the Funds.

11. In pertinent part, the Agreement further provides that disputes between the Union and the Employer are to be resolved by arbitration and that the award of the arbitrator is final and binding and enforceable in any court of competent jurisdiction.

12. Pursuant to the provisions of the Agreement and ERISA §502(g)(2), if the Employer fails to make contributions to the Funds in a timely manner, the Funds are entitled to recover from the Employer the outstanding contributions to the Funds plus interest, liquidated damages, reasonable attorney's fees, court costs and disbursements.

13. The amount owed by the Employer, for such contributions in accordance with the Arbitration Award dated June 13, 2007 (the "June Award") is as follows:

    - Health Care Fund and Pension Fund         $ 294,665.00
    - Interest @ 9%                             $  26,519.85
    - Liquidated Damages @ 20%                  $  58,933.00
    - Attorney's Fees                           $  19,425.00
    - Arbitration Fees                          $     800.00

    **TOTAL**                                   **$ 399,542.85**

14. The total amount owed by the Employer to the Health Care Fund, Attorney's Fees, interest, liquidated damages, and Arbitration Fees for such contributions in accordance with the June Arbitration Award during the above-referred period is **$399,542.85**. *See* Arbitration Award, a copy of which is attached hereto as **Exhibit A**, and made a part hereof.

### JUNE 13, 2007 ARBITRATION PROCEEDINGS AND AWARD

15. After notice was duly given to the Employer, Arbitrator Clarke conducted a hearing with regard to the Petitioners' claims for contributions. Larry Cole, Esq. from the law firm of Starr, Gern, Davidson & Rubin, appeared on behalf of the Employer. The Arbitrator received proof and testimony relating to Contributions due and owing by the Employer to the Funds.

16. On June 13, 2007, Arbitrator Clarke issued his award, a copy of which is annexed hereto as **Exhibit A.** In pertinent part, the Arbitrator found that the Employer violated the Agreement by failing to make contributions to the Funds.

17. The Arbitrator found that the Employer was obligated to pay a total of **$399,542.85** to the Health Care Fund and the Pension Fund.

18. Although the Funds have demanded that the Employer comply with the Arbitration Award, the Employer has refused and has failed to pay the foregoing amounts.

-4-

19. None of the foregoing amounts have been paid by the Employer and the Employer is not entitled to any credits or offsets.

**WHEREFORE,** the Petitioners respectfully request an Order and Judgment:

    a.    confirming the Arbitration Award by William F. Clarke dated June 13, 2007 and directing the Respondent to pay **$399,542.85** to the Petitioners;

    b.    granting the Petitioners costs and legal fees in connection with bringing this action pursuant to ERISA §502(g), *et seq.*; and

    c.    for such other and further relief as this Court may deem just, proper and equitable.

Dated: Staten Island, New York
July 13, 2007

/S/
**ANDREW JOHN CALCAGNO (AC 3085)**
*Attorney At Law*
*Attorney for the Petitioners*

*Main Office*
213 South Avenue East
Cranford, NJ 07016
Tel: (908) 272-7300
Fax: (908) 272-5577

*Satellite Office*
404 Manor Road
Staten Island, New York 10314
Tel: (718) 815-0200